IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **KARYN FAY LUDLAM** | ) | CASE NO. 1:24-cv-1757 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | JUDGE DAN AARON POLSTER |
| v. | ) | |
| | ) | |
| **MISTICK CONSTRUCTION COMPANY,** | ) | <u>OPINION & ORDER</u> |
| *et al.*, | ) | |
| | ) | |
| **Defendants.** | | |

On December 2, 2024, Defendant Ron Porvasnik filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Plaintiff Karyn Fay Ludlam had failed to state a valid claim against him. ECF Doc. 6. Plaintiff filed an opposition to the motion to dismiss (ECF Doc. 9) arguing that Defendant incorrectly stated the controlling state law. Defendant Porvasnik filed a reply on January 13, 2023. ECF Doc. 11. As further explained below, the Court finds Plaintiff *has* stated a valid state law claim, and Defendant Porvasnik's motion to dismiss is hereby DENIED. Moreover, because the same facts are involved in both Plaintiff's federal and state claims, the Court will exercise supplemental jurisdiction over Plaintiff's state law claim in the interest of conserving judicial resources.

**I.    Background**

Plaintiff Karyn Ludlam worked as a drywall finisher on the Riverside Park project in Cleveland, Ohio from 2018 to 2020, during which time Defendant Ron Porvasnik led a paint crew on the same project. Defendant Mistick Construction Company ("Mistick") was the General Contractor and the party with authority over all subcontractors. *See* ECF Doc. 1 at ¶16.

1

Plaintiff contends from 2018 to October 2020, Defendant Porvasnik and his crew repeatedly engaged in acts of harassment grounded in bias against the Plaintiff because of her sex. Plaintiff filed a charge of discrimination against Defendant Mistick Construction Company with the Equal Employment Opportunity Commission (EEOC) and Ohio Civil Rights Commission (OCRC) on or about February 15, 2021. The EEOC issued a Notice of Right to Sue on July 11, 2024. (*Id.*) ECF Doc. 1.

On October 9, 2024, Plaintiff filed a complaint against both Mistick Construction Company and Defendant Porvasnik for "unlawful discriminatory practices." Her claim against Defendant Porvasnik is brought pursuant to Ohio Revised Code § 4112.02(J), under which "any person" may be subject to liability for aiding, abetting, inciting compelling or coercing an act declared to be an unlawful discriminatory practice under the statute.

Defendant Porvasnik filed a motion to dismiss the claim against him for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). Defendant Porvasnik contends the 2021 amendments to the Ohio Employment Law Uniformity Acts ("ELUA") bar discrimination claims against individuals and may only be brought upon employers after administrative remedies have been exhausted. ECF Doc. 6.

Plaintiff's opposition argues that the ELUA amendments were not effective retroactively, and that under Ohio Revised Code § 4112.02(J) "any person" is subject to liability for certain kinds of conduct with respect to "an unlawful discriminatory practice" before and after April 15, 2021. Additionally, Plaintiff contends there was no exhaustion of administrative remedies required prior to the 2021 amendments, and even if so, this requirement was met with the filing of the EEOC Claim on February 15, 2021. *See* ECF Doc. 9.

II.  **Law & Analysis**

  A.  **Standard of Review**

In reviewing a motion to dismiss for failure to state a claim, a district court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the non-moving party. *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 538 (6th Cir. 2012).  Under the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  However, to survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  The plausibility standard "asks for more than a sheer possibility that a Defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Complaints alleging "naked assertion[s]" devoid of "further factual enhancement" will not survive a motion to dismiss. *Twombly*, 550 U.S. at 557.  In addition, simply reciting the elements of a cause of action or legal conclusions will not suffice. *Iqbal*, 556 U.S. at 678.

  B.  **Analysis**

The Court has reviewed the parties' arguments and relevant case law.  Plaintiff's claim against Defendant Porvasnik is brought pursuant to O.R.C. § 4112.02(J), which prohibits the following:

> (J) For any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, to obstruct or prevent any person from complying with this chapter or any order issued under it, or to attempt directly or indirectly to commit any act declared by this section to be an unlawful discriminatory practice.

Despite the changes of Ohio's ELUA, recent case law from this district recognizes the continued validity of claims against individuals under O.R.C.§4112.02(J). In *Lang v. BWXT Nuclear Operations Grp., Inc.,* the Court held,

> it is clear that the new section 4112.08(A) does not apply to limit the divisions Lang relies on - 4112.02(I) and (J) - because 4112.01(A)(24)(a) describes only unlawful discriminatory practices relating to divisions (A)-(F). See Ohio Rev. Code Ann. § 4112.01(A)(24)(a). Therefore, a review of the state law in light of H.B. 352 indicates individuals can still be held liable under O.R.C. §§ 4112.02(I) and (J). Other courts in both this district and the state courts have held the same. *See Williams v. Barton Malow Co.*, 581 F. Supp. 3d 923, 927 (N.D. Ohio 2022) ("However, that change does not apply to § 4112.02(I), claims for retaliation, or § 4112.02(J), claims for aiding and abetting discrimination or retaliation. Those sections provide that it is unlawful for 'any person' rather than 'any employer' to engage in retaliation or aiding and abetting discrimination or retaliation."); *Norris v. G4S Secure Sols.* (USA), Inc., No. 1:21-cv-1022, 2021 U.S. Dist. LEXIS 121306, at *4-5 (N.D. Ohio June 30, 2021) ("Section 4112.02(I), unlike § 4112.02(A), applies to 'any person'...Consistent with this broader language, this Court has held that 'no employer-employee relationship is required to proceed with a suit for retaliation' under § 4112.02(I)."). *See also Townsend v. City of Kettering*, 2022-Ohio-2710, ¶ 59, 194 N.E.3d 457, 474 (Ct. App.) ("ORC 4112.02(J) holds individual employees liable for the participation in discriminatory practices."); *Bostick v. Salvation Army*, 2023-Ohio-933, ¶ 73, 213 N.E.3d 730, 745 (Ct. App.) ("H.B. 352 does not extend to claims under 4112.02(I) or (J). Any person remains.").
>
> 2024 U.S. Dist. LEXIS 47769 at *6.

Based on this, it appears that claims brought pursuant to O.R.C. § 4112.02(J) are still recognized under Ohio law.

Defendant's reply seems to acknowledge that Plaintiff may have stated a valid state law claim against him under O.R.C. § 4112.02(J). Nonetheless, Defendant urges this Court to decline exercising supplemental jurisdiction over Plaintiff's state law claim. *See* ECF Doc. 11. Under federal law, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or

4

controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). This includes supplemental jurisdiction over "state claims for on-the-record review of local administrative action." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 171, 118 S. Ct. 523, 139 L. Ed. 2d 525 (1997). Claims form part of the same case or controversy when they "derive from a common nucleus of operative facts." *Blakely v. United States*, 276 F.3d 853, 861 (6th Cir. 2002). Here, the claim against Defendant Porvasnik involves the same common nucleus of facts alleged in the claims against Mistick. Plaintiff's claims against both defendants stem from the same alleged conduct by Defendant Porvasnik and his crew. For this reason, it would be a waste of both private and judicial resources to require Plaintiff to pursue her state law claim against Defendant Porvasnik in a different forum.

### III. Conclusion

For the reasons stated herein, Defendant Porvasnik's motion to dismiss is DENIED (ECF Doc. 6), and the Court will exercise supplemental jurisdiction over Plaintiff's state law claim.

Dated: January 21, 2025                      *s/Dan Aaron Polster*
                                                            United States District Judge